PONDER, Justice.
 

 The defendant Mrs. Jack Clement was charged in a bill of information as follows:
 

 “State of Louisiana
 

 “17th Judicial District Court
 

 “in and for the Parish of Terrebonne
 

 “J. A. O. Coignet, District Attorney, of the Seventeenth Judicial District Court of the State of Louisiana, who, in the name and by the authority of the said State, prosecutes in his behalf, in proper person comes into the 17th Judicial District Court of the State of Louisiana, in the Parish of Terrebonne, and gives to the said Court here to understand and be informed that one Mrs. Jack Clement alias Jeanette Prestía, alias Jessie Gleason, Vincent Bilello and Felix Caillouet late of the Parish of Terrebonne, on the 16th day of September in the year of our Lord, One Thousand Nine Hundred and Thirty-eight with force and arms in the Parish of Terrebonne, aforesaid, and within jurisdiction of the Seventeenth Judicial District Court in and for the Parish of Terrebonne, did unlawfully, conspire together to feloniously kill and murder one Jack Clement, and in pursuance of said conspiracy, the said Vincent Bilello and Felix Caillouet did on the
 
 26th
 
 day of September, 1938, enter the dwelling house of the said Jack Clement, and did there and then, still in pursuance of the said conspiracy, make an assault upon and strike him, the said Jack Clement, with a dangerous weapon, to-wit: a pistol, with intent to wilfully and feloniously murder him, the said Jack Clement.
 

 “And said District Attorney gives the Court to understand that the conspiracy to commit said crime was entered into in the Parish of Lafourche, and the overt act in furtherance of the conspiracy was committed in the Parish of Terrebonne, Louisiana; that the jurisdiction of said case has been fixed in the Parish of Terrebonne, Louisiana, the consent of the Attorney General
 
 *400
 
 thereto having first been obtained, contrary to the form of the Statute of the State of Louisiana, in such cases made and provided and against the peace and dignity of the same.
 

 “(Signed) J. A. O. Coignet
 

 “District Attorney for the 17th Judicial District.”
 

 The defendant was tried under Section 6 of Act No. 8 of 1870, Ex.Sess., convicted and sentenced to imprisonment in the State Penitentiary for not less than two and one-half or' more than seven and one-half years and to pay a fine of One Dollar and costs. From the conviction and sentence, the defendant has appealed.
 

 During the course of the trial, counsel for the defendant reserved four bills of exceptions. Bill of exception No. 1. was taken to the overruling of a motion to quash. Bill of exception No. 2. was taken to the admission of certain testimony/ Bill of exception No. 3. was taken to the overruling of a motion for a new trial. Bill of exception No. 4. was taken to the overruling of a motion in arrest of judgment.
 

 We will first consider the defendant’s motion in arrest of judgment. While the defendant in his motion in arrest of judgment does not clearly and specifically allege that the defendant was convicted of a crime different from that charged in the indictment, yet the language used goes to that effect.
 

 Sections 5 and 6 of Act No. 8 of 1870, Ex.Sess., reads as follows:
 

 (Section' 5) “Whoever shall conspire with another person or persons to commit or procure the commission of the crime of murder * * * on conviction thereof, shall be imprisoned at hard labor not exceeding two years nor less than six months, and fined not exceeding two thousand dollars nor less than five hundred dollars, at the discretion of the court.”
 

 (Section 6) “Whoever shall conspire with another person or persons to commit or procure to be committed the crime of murder * * *, and in pursuance of said conspiracy shall enter or approach any dwelling house * * * shall, on conviction thereof, be imprisoned at hard labor not exceeding ten years nor less than one year, and fined not exceeding two thousand dollars, at the discretion of the court.”
 

 Under the provisions of Section 5, the conspiracy to commit one of the enumerated offenses is an offense within itself. A reading of Section 6 of the Act clearly shows that it was intended to reach one who approached a dwelling house or committed an overt act in pursuance of a conspiracy. For a person to commit this offense he would have to conspire to commit one of the enumerated offenses and enter or approach the dwelling house in the furtherance of the conspiracy or make an assault upon a person. Since the word “and” is used in the statute it clearly shows that a person to be guilty of this offense would have to be guilty of conspiring and of approaching the dwelling house or committing the overt act. In Louisiana all crimes are statutory. It is well settled in this State that the statute must be strictly construed. No act is a crime which is not clearly and unmistakably made a crime by
 
 *402
 
 statute. Unless an act can be brought within the meaning of the words of the statute it is not a crime even though it comes within the mischief sought to be remedied and is of equal atrocity with the acts enumerated by the statute. State v. Fontenot et al., 112 La. 628, 36 So. 630. The bill of information charges the defendant with conspiring to commit an offense, but does not charge her with approaching the dwelling house or of the assault or overt act done in pursuance of the conspiracy. The bill of information does not support the conviction.
 

 The State relies on Article 455 of the Code of Criminal Procedure which reads as follows: “Each co-conspirator is deemed to assent to or to commend whatever is said or done in furtherance of the common enterprise, and it is therefore of no moment that such act was done or such declaration was made out of the presence of the conspirator sought to be bound thereby, or whether the conspirator doing such act or making such declaration be or be not on trial with his co-defendant. But to have this effect a prima facie case of conspiracy must have been established.”
 

 In the case of State v. Rodosta, 173 La. 623, 138 So. 124, this Court in passing on an Article of the Code of Criminal Procedure stated in effect that the Code of Criminal Procedure was mere procedural law and any provision therein could not have the effect of substantive law. If Article 455 of the Code of Criminal Procedure were to be construed as contended for by the State, it would have the effect of substantive law and in such event it would be clearly unconstitutional. It could not enlarge the provisions of Section 6 of the Act under which the defendant is being prosecuted so as to make the defendant guilty of the offense when, as a matter of fact, under the provision of Section 6 of the Act itself the defendant was not guilty of the offense because, in such event, it would have the effect of substantive law. Article 455 of the Code of Criminal Procedure is in that part of the Code of Criminal Procedure dealing with “Evidence”. It was a well settled principle of law in this State that the declarations and acts of conspirators, when a conspiracy has been established, made during the continuance of the conspiracy and in the execution of the common design were admissible not only against the party making them but against all of the other conspirators although such declarations may have taken place outside of their presence prior to the adoption of the Code of Criminal Procedure. This dealt with the admissibility of evidence which is clearly procedural and it appears that the Article of the Code of Criminal Procedure was intended to that effect because it is placed in the chapter dealing with the admissibility of evidence. Giving it this effect it would clearly be procedural law, but, if it was construed to change or enlarge a substantive law, it would be clearly unconstitutional.
 

 It might be urged that the bill of information sufficiently sets forth an offense under Section 5 of Act 8 of 1870 Ex.Sess., if it were not for the fact that it is alleged in the bill of information that the defendant conspired with others in a
 
 *404
 
 parish different from the one in which the bill of information was filed.
 

 Having arrived at the conclusion that the bill of information will not support the conviction, there would be no necessity for us to consider the defendant’s other bills of exceptions.
 

 For the reasons assigned, the conviction and sentence are annulled and the defendant is discharged.