85 So.2d 28

**STATE of Louisiana**

v.

**Artie MARSHFIELD.**

No. 42556.

Jan. 16, 1956.

Joseph S. Guerriero, Monroe, Warren Hunt, Rayville, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Albin P. Lassiter, Dist. Atty., Monroe, for appellee.

MOISE, Justice.

Artie Marshfield was charged by Bill of Information with the possession of a narcotic drug, to-wit: "5 grains of pure marijuana in the form of a cigarette, and 270 grains of pure marijuana in bulk in a pint fruit jar."

The filing of a Bill of Particulars brought out the additional fact that the Information charged two distinct acts of possession without the use of separate counts; that the two acts of possession were in different places—that the possession of the cigarette was on the person of the accused, and the possession of bulk marijuana was constructive, being at a place where the State contended the accused maintained his living quarters. Be that as it may, Bills of Exceptions Nos. 1 and 2 were not sustained, and as far as this case is concerned they are not necessary for decision.

Bill of Exceptions No. 3 was reserved when defendant's counsel offered to the Trial Judge, at the proper time, written request for a special charge to the jury of the law of attempt—that is, attempted possession. The written charge is attached to and made a part of Bill of Exceptions No. 3. The Judge refused to give the charge requested, and a Bill of Exceptions was properly reserved and perfected.

There is crystallized in our jurisprudence, as a maxim of common sense, that each case must stand or fall on its own peculiar facts and circumstances.

In his per curiam the Trial Judge stated:

"The request for a special charge of Attempt to commit the crime of Pos-

session of a narcotic drug was refused for the reason that there was no evidence adduced as to any attempt to commit the crime. State v. Espinosa, 223 La. 520, 66 So.2d 323."

The learned Judge has fallen into error. The case of State v. Espinosa, 223 La. 520, 66 So.2d 323, has its own facts, which will constitute the hand grenades for argument. At the time of that decision, the penalties for a violation of the Narcotics Law were the same for "obtaining" or "attempting to obtain" a narcotic drug. In that case the defendant was charged with obtaining a narcotic drug. He made a confession, in which he admitted that he did obtain the drug through forgery, and it was received in evidence. We held that the Trial Judge was not in error in refusing to rule that the jury could bring in a verdict of "attempt". However, in that decision we recognized that Article 27 of the Revised Statutes, LSA–R.S. 14:27, included the crime of attempting to possess a narcotic drug as had been set out in the case of State v. Broadnax, 216 La. 1003, 45 So.2d 604.

At the time of the trial of the instant case, the decision of State of Louisiana v. Nicolosi, 228 La. 65, 81 So.2d 771, 775, had not been rendered. In that case this Court set at rest the doctrine of "attempt" and explained in detail the decision in the Espinosa case, supra. We stated:

"Bill No. 12 was taken to the overruling of a motion in arrest of judg-

ment. The only alleged error patent on the face of the record relied on by appellant in this bill is that the jury in the instant case returned a verdict of guilty of attempted possession of narcotic drugs, and this was not a responsive verdict to the charge of possession of narcotic drugs. This contention has been fully answered in the case of State v. Broadnax, 216 La. 1003, 45 So.2d 604.

\*　　\*　　\*　　\*　　\*　　\*

" \* \* \* Thus it is clear that the Espinosa case in no way affected or overruled the holding of this court in State v. Broadnax, supra. Moreover, as the crime charged in the instant case is the same as the one charged in the Broadnax case, i. e., unlawful possession of narcotic drugs, our holding in the Broadnax case on the issue of attempt as a responsive verdict is controlling here, and the case of State v. Espinosa is clearly inapposite."

In the Broadnax case, supra [216 La. 1003, 45 So.2d 609] it was stated:

" \* \* \* The 1934 act, as amended, makes it unlawful for any person to possess a narcotic drug, and Article 27 makes it unlawful for any person to attempt such possession. By the provisions of Article 27, an attempt is made a separate but lesser grade of the intended crime, and that this article is broad enough to include the crime charged in this case is evidenced by the

penal provisions of Article 27, as follows: 'Whoever attempts to commit any crime shall be punished as follows * * *.' The punishment is then set out where the offense is punishable by death or life imprisonment, etc., and, in Paragraph 3 it is provided: 'In all other cases he shall be fined or imprisoned, or both, in the same manner as for the offense attempted, but such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.'

"This court has previously pointed out that the comments to the various articles of the Criminal Code, printed as footnotes, have legislative sanction, and that it is appropriate and proper to take into consideration these comments in endeavoring to interpret and construe the provisions of the articles found therein. * * *

"Under Article 27 (the attempt article) we find the following comments:

" 'Louisiana statutes covered: *Before the adoption of the Criminal Code* Louisiana had no general statute punishing *all attempts* to commit crimes.

\* \* \* \* \* \*

" 'Scope: The article is in accord with the general common law concept of attempt. An attempt to commit *any crime* is an offense whether the offense attempted be a felony or merely a misdemeanor. * * *' "

LSA–Revised Statutes, 15:386 states:

"Whenever the indictment sets out an offense including other offenses of less magnitude or grade the judge shall charge the jury the law applicable to all offenses of which the accused could be found guilty under the indictment. The only responsive verdicts which may be rendered, and upon which the judge shall charge the jury, where the indictment charges the following offenses are: * * *."

A violation of the narcotic statute is not included, but we conclude that, as a result of the Broadnax and Nicolosi cases, supra, the statute is applicable to the crime of possession of narcotics.

Therefore, because of our ruling in the Nicolosi case, supra, it becomes necessary for us to find that defendant's Bill of Exceptions No. 3 is with merit.

For the reasons assigned, the conviction and sentence are set aside and the defendant is granted a new trial consistent with the views herein expressed.

HAWTHORNE, J., concurs in the decree.

FOURNET, C. J., absent.