McCALEB, Justice.
Appellant was tried and convicted for attempted manslaughter and sentenced to serve five years at hard labor in the State Penitentiary. During the trial, three bills of exceptions were reserved.
The first bill was taken to the overruling of a motion for a mistrial, which was founded on the premise that the State had prejudiced appellant in the presence of the jury by placing the shotgun, with which the crime was allegedly committed, on a table in front of the jury box and allowing it to remain there for at least ten minutes before the weapon was introduced in evidence.
We find no merit in the bill. Since the shotgun was received in evidence after being identified as the weapon used by appellant, the fact that it was in full view of the jury for a length of time prior to its introduction affords no basis whatever for complaint.
Bill No. 2 was reserved to the refusal of appellant’s special charge No. 7 on responsive verdicts. Appellant asked that the jury be instructed that they could render the following verdicts: (1) Guilty as charged; (2) Guilty of aggravated assault; (3)Guilty of simple assault; (4) Not guilty. In denying the request, the judge ruled that the only responsive verdicts the jury was permitted to render were those provided by Article 386 of the Code of Criminal Procedure (R.S. 15:386) which, *375 on a charge of attempted manslaughter, were guilty as charged or not guilty. Appellant complains that this ruling was erroneous because the provisions of R.S. 15:386, being merely procedural, are in direct conflict with the substantive law contained in the Criminal Code, viz., R.S. 14:5, declaring that an offender who commits an offense, which includes all of the elements of other lesser offenses, may be convicted of either the greater offense or any one of the lesser and included offenses, and R.S. 14:27, providing that one charged with a completed offense may be found guilty of an attempt to commit that offense.
The ruling was correct. Article 386 of the Code of Criminal Procedure, as amended by Act 161 of 1948 (now R.S. 15:386), so far as applicable here, provides: “The only responsive verdicts which may be rendered, and upon which the judge shall charge the jury, where the indictment charges the following offenses are: * * *
“Attempted Manslaughter,
“Guilty as charged.
“Not guilty.”
The constitutionality of Article 386 was upheld in State v. Simpson, 216 La. 212, 43 So.2d 585 (1949). Thereafter, in State v. Butler, 230 La. 765, 89 So.2d 294 (1956), the validity of the statute was challenged on the same ground as here, i. e., that, being merely a procedural law, it cannot deprive a defendant of the substantive right granted him by Criminal Code Articles 5 and 27 (R.S. 14:5 and 14:27). This contention was rejected on the authority of State v. Simpson, supra.
The last bill was taken to the overruling of appellant’s motion for a new trial which was based primarily on the ground that the verdict was contrary to the law and the evidence. This presents nothing for review.
The conviction and sentence are affirmed.