328 So.2d 154 (1976)
STATE of Louisiana
v.
Charles KEYS.
No. 57015.
Supreme Court of Louisiana.
February 23, 1976.
*155 Dee D. Drell, Gravel, Roy & Burnes, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., R. Raymond Arthur, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendant, Charles Keys, with possession of marijuana, second offense. The jury returned a verdict of attempted possession of marijuana, second offense. The trial judge sentenced defendant to pay a fine of $500 and costs, or, in default of payment, to serve six months in the Natchitoches Parish Jail, and to two and one-half years in the parish jail, suspended, and defendant was placed on supervised probation for the same term. On appeal, defendant relies upon four specifications of error for reversal of his conviction and sentence.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
At trial, the State introduced into evidence Exhibit No. 1, consisting of marijuana found during a search of defendant's apartment. Defense counsel objected to this evidence at the trial and argues before this Court that: 1) the evidence was unconstitutionally seized; and 2) the State failed to establish an adequate foundation regarding results of the laboratory tests of the marijuana and an adequate chain of custody. Defendant's arguments are without merit.
The proper method of barring unconstitutionally seized tangible evidence from a trial is by a Motion to Suppress. LSA-C.Cr.P. Art. 703. Defendant filed no such motion. Additionally, neither in his objection, in his assignment of error, nor in his brief does defendant allege facts which would tend to show that the marijuana was unconstitutionally seized. When no Motion to Suppress is filed prior to trial, and no ground exists for allowing a belated filing, defendant waives his right to object to the constitutionality of the seizure. LSA-C.Cr.P. Art. 703, Official Revision Comment (d); State v. Womack, La., 283 So.2d 708 (1973); State v. Wallace, 254 La. 477, 224 So.2d 461 (1969); State v. Davidson, 248 La. 161, 177 So.2d 273 (1965).
Further, defendant contends that a proper foundation is lacking because there is no evidence to show that only Mr. Foley, the State's expert, had access to the evidence after the evidence was stored. The State established that the officers turned the evidence over to Deputy Self, who locked up the evidence, and the following day, Deputy Self took the evidence to Mr. Foley at the crime laboratory in Shreveport. (Tr. 90). Foley described the safeguards taken by the laboratory to maintain the integrity of the evidence. (Tr. 97).
*156 The State established that it was more probable than not that the evidence introduced was that taken from defendant's apartment. The foundation was sufficient, and defendant's objections goes to the weight to be given to the evidence rather than its admissibility. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971).
Defendant's allegations that the laboratory procedures used by the State were inadequate and that no showing was made that the evidence introduced at trial was marijuana are without merit. The expert witness testified that the evidence included marijuana seeds, leaves, and gleanings.
Assignments of Error Nos. 1 and 2 are without merit.

ASSIGNMENT OF ERROR NO. 3
Here, defendant alleges that the court improperly limited the scope of his crossexamination of the State's principle witness.
Defendant first sought to elicit the names of confidential informants from the witness. The court's sustaining the objection to this line of questioning was correct. The State is required to reveal the names of its confidential informants only under extraordinary circumstances. No such circumstances are shown here. See State v. Dotson, supra Secondly, defendant assigns as error the court's sustaining the State's objection to the following question:
"* * *
"Q Back to the search at 136A, you say you don't remember Who all was with you over there?
"A Well, it was the same ....
. . . .
"[DISTRICT ATTORNEY:] Your Honor, I am going to object to the search at 136A, unless Counsel can show some relevance between what went on at 136A and this 136C.
[THE COURT:] Objection sustained.
[DEFENSE COUNSEL:] May I be heard on that, your Honor?
[THE COURT:] Yes, sir.
[DEFENSE COUNSEL:] This gentleman has testified that certain things happened and everything, and the state has alleged that my client possessed marijuana and so forth, I think it is very relevant as to possibly which apartment was searched first. We have two places, right there in the same thing, I want to make sure that they were even in the right apartment when they say that this man had something in his apartment. I think it is most relevant. Also, I think that I have him on cross, examination, and I can test his credibility as far as his memory and everything else. He remembers exactly that it was locked, and the exact dimensions of a closet and all that, and I want to test him further.
[THE COURT:] The objection is to relevancy and I don't see the relevancy. The objection is sustained."
The following testimony, elicited from the same witness prior to the objection, reveals that the witness had already answered the question and others related in subject matter:
"[DEFENSE COUNSEL:]
Q Mr. Delphine, you conducted your search at 136 C Boyd Street, didn't you conduct another search at that same street address on this same day? *157 A Yes, sir, we did.
Q Where was that search conducted?
A In one of the front apartments.
Q What was the number of it?
A 136A.
Q Which one did you search first?
A 136A.
Q Did you find any material there which appeared to be marijuana?
A Yes, sir, we found some marijuana there.
Q Whose apartment was that?
A A subject by the name of Mr. Boyd. I think that was his name.
Q Or was it Ford?
A It could have been Mr. Ford.
Q How many places did you search over there on this particular day?
A Two.
Q But you searched 136A first?
A Yes, sir, as I can recall.
Q Who all was there when you made that search?
A I am not in a position to answer that question in detail, because I would have to refer to my notes, and I don't have my notes in reference to that particular case with me at that time.
Q But you did make that search first, is that correct?
A I can't testify truly to that.
Q Well, you have already testified that you searched 136A first, are you changing your mind now?
A Well, as I think about it, we did search there, I am testifying that we did conduct a search there, but as far as it being first [or] second, I am thinking it is first. But to be honestly truthful with you, I would have to get my notes in reference to that particular case, I didn't know we were going to go into that case today. Had I known it, I would have been properly prepared.
Q Did you have a search warrant for 136C?
A Yes, sir."
Assuming, without deciding, that error was committed in sustaining the objection, the error was harmless in light of the fact that defendant secured the testimony sought. LSA-C.Cr.P. Art. 921.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant argues that his conviction and sentence for "attempted possession of marijuana, second offense," is illegal since there had been no prior conviction for attempted possession of marijuana.
The trial court provided the jury with the following list of responsive verdicts: (1) Guilty of possession of marijuana, second offense; (2) Guilty of attempted possession of marijuana, second offense; or (3) Not guilty. The jury first returned a verdict of guilty of possession of marijuana, second offense. Then, it was discovered that the jury made a clerical error in omitting the word "attempted." The court then accepted and filed a corrected verdict.
Although there was no objection to the list of responsive verdicts, objection was made that the verdict was not responsive to the charge when it was rendered and entered into the minutes of court. We have held that the verdict is part of "pleadings and proceedings" discoverable by mere inspection of pleadings and proceedings. LSA-C.Cr.P. Art. 920(2); State v. White, La., 315 So.2d 301 (1975).
*158 LSA-R.S. 40:966(D)(2), under which defendant was charged, provides:
"* * * * * *
"(2) On a second conviction for violation of Subsection C of this section with regard to marijuana, the offender shall be fined not more than two thousand dollars and/or imprisoned with or without hard labor for not more than five years.
"* * * * * *
LSA-R.S. 40:979, relating to attempts, provides:
"Any person who attempts or conspires to commit any offense denounced and/or made unlawful by the provisions of this part shall, upon conviction, be fined or imprisoned in the same manner as for the offense planned or attempted, but such fine or imprisonment shall not exceed one-half of the punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy."
It is clear that a verdict of attempted possession is responsive to a charge of possession. State v. Marshfield, 229 La. 55, 85 So.2d 28 (1956); State v. Nicolosi, 228 La. 65, 81 So.2d 771 (1955); State v. Broadnax, 216 La. 1003, 45 So.2d 604 (1950). We held in State v. Bouzigard, La., 286 So.2d 633 (1973), that the prosecution for multiple-offender possession of marijuana must include in the bill of information the charge that the defendant had been previously convicted of the same offense.
To obtain a multiple-offender conviction for possession of marijuana, the allegation that the crime is a multiple offense must be contained in the bill of information. The term "second offense" in the present bill of information denotes that, if the defendant is convicted of possession, it will be the second time that he has been convicted of the same charge. "Second offense" is descriptive of a multiple conviction. Therefore, when a verdict of attempted possession in a multiple-offender prosecution is returned, the verdict is responsive and controls the sentence applicable to the defendant.
In the instant case, since defendant is a first offender insofar as possession is concerned, the enhanced penalty for a second conviction of possession cannot be used. The use of the term "second offense" in the verdict must be regarded as surplusage, since the law does not provide an enhanced penalty for a second attempt. The defendant must be sentenced in accordance with LSA-R.S. 40:979 to no more than one-half the sentence prescribed in LSA-R.S. 40:966(D)(1), which provides:
"D. POSSESSION OF MARIJUNA. (1) On a first conviction for violation of Subsection C of this section with regard to marijuana, the offender shall be fined not more than five hundred dollars and/or imprisoned in the parish jail for not more than six months."
We note that the defendant's sentence exceeds the maximum sentence prescribed by LSA-R.S. 40:979 and LSA-R.S. 40:966(D)(1). Hence, the sentence must be set aside, and the case remanded for sentencing according to law.
For the reasons assigned, the conviction is affirmed; however, the sentence is annulled and set aside; the the case is remanded to the district court for resentencing in accordance with law and the views herein expressed.