1,WALTZER, Judge.
In a consolidated appeal, the prosecution appeals the decisions of two separate trial courts granting defendants’ motions to quash the bills of information in two separate cases. Both Serell Anders and Glenda Diecedue were charged with felony possession of marijuana by bill of information, since each defendant had a prior conviction for distribution of marijuana. The only issue presented on appeal is whether the prior distribution conviction can be used to enhance the current possession charge.
STATEMENT OF FACTS AND HISTORY OF THE CASE
Defendant Diecedue was charged by bill of information with possession of marijuana (second offense LSA-R.S. 40:966(D)(2)) having been convicted of distribution of marijuana in case No. 334-733 “C”. At arraignment she pled not guilty. As part of the pre-trial motions, she filed a motion to quash on the grounds that the statute relied upon by the prosecution only allows such an enhancement when the underlying previous conviction is for simple possession of marijuana, not distribution of marijuana. The trial court granted the motion to quash.
Defendant Anders was charged by bill of information with possession of marijuana (second offense, LSA-R.S. 40:966(D)(2)) having been previously | ^convicted of possession of marijuana in case No. 407-111 “L”. However, the record reflects that in case No. 407-111 “L” the defendant was in fact convicted of distribution of marijuana.
Anders likewise entered a plea of not guilty and opted to be tried by jury. A jury was seated for trial on 20 January 2000 and while the jurors were excused from the courtroom, the motion to quash was filed on the same grounds as had been asserted above. The motion to quash was granted. The prosecution objected and was given time to file a writ returnable on 27 January 2000. Then the Court, apparently on its own motion, reduced the charge to simple possession of marijuana. Although there was no correction or amendment to the now technically nonexistent charge, the trial court announced that it had reduced the defendant’s charge to a simple possession of marijuana. The defendant then pled guilty to simple possession of marijuana, first offense. He waived delays and was sentenced to six months in parish prison, suspended, and placed on one year probation with the special conditions that he take drugs tests, attend substance abuse counseling and pay $1,200 in fees and expenses. The prosecution did not move the trial court to stay the plea or sentence pending review by this Court. A notice of appeal was filed by the prosecution. The unrelated cases were consolidated on appeal, since they raise the same issue of law.
ASSIGNMENT OF ERROR: The State argues that the trial court erred by finding that LSA-R.S. 40:966(D) did not authorize enhancement with a prior conviction for distribution of marijuana under LSA-R.S. 40:966(A) and by granting the motions to quash.
Defendants were charged with possession of marijuana under LSA-R.S. 40:966(D)(2). The defendant Diecedue has been released; no new charges have |,¡¡been instituted against her. The defendant An-ders has plead guilty to simple possession of marijuana, first offense.
LSA-R.S. 40:966(D) provides:
D. Possession of marijuana.
*1229 (1) Except as provided in Subsections E and F hereof, on a first conviction for violation of Subsection C of this Section with regard to marijuana, tetrahydro-cannabinol or chemical derivatives thereof, the offender shall be fined not more than five hundred dollars, imprisoned in the parish jail for not more than six months, or both.
(2) Except as provided in Subsections E and F hereof, on a second conviction for violation of Subsection C of this Section with regard to marijuana, tetrahy-drocannabinol or chemical derivatives thereof, the offender shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than five years, or both.
(3) Except as provided in Subsections E and F hereof, on a third or subsequent conviction for violation of Subsection C of this Section with regard to marijuana, tetrahydrocannabinol or chemical derivatives thereof, the offender shall be sentenced to imprisonment with or without hard labor for not more than twenty years.
(4) A conviction for the violation of any other statute or ordinance with the same elements as R.S. 40:966(0 prohibiting the possession of marijuana, tetrahydrocannabinol or chemical derivatives thereof, shall be considered a prior conviction for the purposes of this Subsection relating to penalties for second, third, or subsequent offenders.
(Emphasis added.)
LSA-R.S. 40:966(Q provides, in pertinent part:
C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule I unless....
Each defendant had a prior conviction for distribution of marijuana under LSA-R.S. 40:966(A). LSA-R.S. 40:966(A) provides, in pertinent part:
A. Manufacture, Distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
14(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule I.
The issue before the Court is simply whether a defendant’s prior conviction for distribution of marijuana can be used by the prosecution as the underlying conviction allowing the enhancement of a subsequent simple possession of marijuana charge under LSA-R.S. 40:966(D)(2). The parties do not contest that the crime of distribution of marijuana contains elements necessary to constitute the crime of possession of marijuana. However, defendants assert that to be guilty of distribution, additional elements are required. The crux of the appeal involves what effect should be given to Subsection (D)(4), “A conviction for the violation of any other statute or ordinance with the same elements as R.S. 40:966(0 prohibiting the possession of marijuana, tetrahydrocan-nabinol or chemical derivatives thereof, shall be considered a prior conviction for the purposes of this Subsection relating to penalties for second, third, or subsequent offenders.”
The prosecution points out that the practice has been tacitly condoned in State v. Harrison, 32-643 (La.App. 2 Cir. 10/27/99), 743 So.2d 883, writ denied 99-3352 (La.6/30/00), 765 So.2d 327. Ham-son, however, dealt with a multiple bill charge in a multiple offender bill and not with a case where the initial charge of simple possession is enhanced to a felony second possession of marijuana. In Harrison the trial court adjudicated the defendant a third felony offender on the basis of two prior convictions: a) distribution of marijuana, and, b) a possession of marijuana charge, enhanced to a felony. Harrison claimed that this constituted double enhancement; the court of appeal agreed and remanded the case for resentencing. There is dicta in Harrison that speaks of *1230 the same elements of |sthe crime of distribution of marijuana and possession of marijuana, second offense, but the question presented in Harrison was merely whether the distribution charge could be used to provide the basis for sentencing the defendant as a third felony offender. The statutory construction required by us in the instant appeal was never undertaken by the Second Circuit Court of Appeal and clearly was not the issue.
The prosecution further asserts that we should reverse the trial courts’ rulings, because LSA-R.S. 40:966(D)(4) speaks of “a conviction for the violation of any other statute or ordinance with the same elements as R.S. 40: 966(C) prohibiting the possession of marijuana.” Because in order to distribute marijuana, it must have been possessed by the distributor, the prosecution alleges, therefore, the elements are the same, albeit often constructively so. According to the prosecution, Section (D) interpreted in any other manner, would make the law meaningless. Additionally, the prosecution asserts that the felony charge involving possession to distribute should not be relegated to lesser impact than a mere simple possession charge; a result they argue to be absurd.
The prosecution admits that technically the crime of possession is not necessarily an element of distribution, but to exclude the charge for enhancement purposes based on the reasoning employed by the trial courts would lead to a result that defies logic and would not serve justice. Further, the prosecution asserts that simple possession of marijuana is in fact a lesser included responsive verdict to a charge of distribution of marijuana, LSA-R.S. C.Cr.P. art. 814, and, therefore, it clearly indicates that possession is an element of distribution. Finally, the prosecution asserts that to disallow a previous distribution charge for enhancement purposes for a subsequent misdemeanor possession of marijuana, would put ^sellers and distributors of narcotics in a more favorable position as opposed to mere simple possessors and users of marijuana.
Discussion
LSA-R.S. 40:966(D) clearly refers only to Subsection C, which is entitled Possession, and not to Subsection A, which is entitled Manufacture; Distribution and continues “Except as authorized by this part, it shall be unlawful for any person knovingly and intentionally; (1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture or distribute, or dispense, a controlled dangerous substance classified in Schedule I; (2) To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance classified in Schedule I”.
Clearly, there are elements listed in Section A which are not identical to those in Section D, in fact they are not even similar. Moreover, State v. Cannon, 409 So.2d 568 (1982) holds that a bill of information charging the offense must contain the language that the defendant has been convicted of the same offense. See also State v. Bouzigard, 286 So.2d 633, 637 (La.1973). Those cases go to the issue of putting the defendant on notice of the nature of the charges against him. (Arguably Anders did not get the requisite notice at all because his bill of information only referred to a number of a previous case and then erroneously to a possession of marijuana charge).
In State v. Keys, 328 So.2d 154 (La.1976) the defendant was charged with the crime of possession of marijuana, second offense. The jury returned a verdict of attempted marijuana, second offense. On appeal the defendant argued inter alia that his conviction and sentence for “attempted possession of marijuana, second |7offense,” was illegal since there had been no prior conviction for attempted possession of marijuana. The court reasoned:
To obtain a multiple-offender conviction for possession of marijuana, the allegation that the crime is a multiple offense must be contained in the bill of *1231 information. The term “second offense” in the present bill of information denotes that, if the defendant is convicted of possession, it will be the second time that he is convicted of the same charge. “Second offense” is descriptive of a multiple conviction.... In the instant case, since the defendant is a first offender insofar as possession is concerned, the enhanced penalty for second conviction of possession cannot be used, (emphasis added)
Keys, at 158.
The Louisiana Supreme Court has thus considered the enhancement scheme provided under LSA-R.S.40:966(D) three times and has concluded, in the strongest possible language, that only a predicate offense of possession of marijuana can serve to enhance a second possession charge.
LSA-R.S. 14:3 provides:
The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.
The Chief Judge of this court recently wrote on the rules of statutory construction:
As stated by this court in Vogt[1], “[w]hen the law is clear and unambiguous and its application does not result in absurd consequences, it shall be applied as written and no interpretation may be made in search of the legislature’s intent.” Id., citing La. C.C. art. 9. Moreover, courts must give credence to the clear mandate expressed in a statute, and cannot resort to construing such a statute based on the spirit of the law as opposed to the plain wording of the law. Id. The Clerk of Court in the instant case requests |sthis court to ignore the clear meaning of the Local Court Rule establishing filing fees for defendants in favor of the “spirit” of the rule.
Adams v. Airco Welding Products Co., 98-0286, (La.App. 4 Cir. 7/21/99), 739 So.2d 375, 377.
In addition, the Louisiana Supreme Court has stated:
The result in the Sanders[2] case was in keeping with our well established doctrine that criminal and penal laws are to be strictly construed, La.R.S. 14:3, State v. Gyles, 313 So.2d 799 (La.1975); State v. Penniman, 224 La. 95, 68 So.2d 770 (1953); State v. Truby, 211 La. 178, 29 So.2d 758 (1947), and consistent with the approach we adopted recently in State v. McCarroll, 337 So.2d 475 (La. 1976), in deciding whether the legislature intended for a defendant’s act to constitute more than one violation of a criminal statute. We held that, in the absence of an express legislative intent, any doubt should be resolved in favor of lenity, and not so as to multiply the penalty imposed upon the defendant.
State v. Cox, 344 So.2d 1024, 1025-1026 (La.1977).
The guideline in LSA-R.S. 14:3 compels us to limit this criminal statute to its plain meaning, namely, that when words are clear and free from ambiguity, they are not to be ignored under a pretext of pursuing their spirit. State v. Freeman, 411 So.2d 1068 (La.1982). Moreover, should there be doubt about the meaning of a criminal statute, we are compelled to resolve this ambiguity in favor of the accused and against the prosecution. LSA-R.S. 40:966(D) which is found under the *1232 enhancement provisions of simple misdemeanor marijuana possession is ambiguous in the manner it is written and as applied in these prosecutions. The statute contains an ambiguity only the legislature can clearly correct; we are compelled to resolve this ambiguity against the prosecution. Criminal and penal laws are to be strictly construed, LSA-R.S. 14:8, and in the absence of clear legislative intent, any doubt should be resolved in favor of lenity, and not so as to |9multiply the penalty imposed upon the defendant. State v. Cox, 344 So.2d 1024, 1025-1026 (La.1977).
The rulings of the trial courts were correct.
AFFIRMED.

. Vogt v. Board of Levee Commissioners of Orleans Levee District, 95-1187, pp. 9-10 (La. App. 4 Cir. 9/4/96), 680 So.2d 149, 155, citing State, Department of Transportation and Development v. Walker, 95-0185 (La.6/30/95), 658 So.2d 190.

. 337 So.2d 1131 (La. 1976).