NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2018 KA 1280R

STATE OF LOUISIANA

VERSUS

JERMAINE RUFFEN

Judgment rendered  **FEB 2 4 2021**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 10-13-0798, Section II

The Honorable Richard D. Anderson, Judge Presiding

* * * * *

| | |
|---|---|
| Hillar C. Moore III<br>District Attorney<br>Cristopher J. M. Casler<br>Assistant District Attorney<br>Baton Rouge, Louisiana | Attorneys for Plaintiff/Appellee<br>State of Louisiana |
| Prentice Lang White<br>Appellate Counsel<br>Baton Rouge, Louisiana | Attorney for Defendant/Appellant<br>Jermaine Ruffen |

* * * * *

**BEFORE: McDONALD, HOLDRIDGE, AND WOLFE, JJ.**

McDonald, J. concurs.

**HOLDRIDGE, J.**

The defendant, Jermaine Ruffen,[1] was charged by grand jury indictment with second degree murder (count I), a violation of La. R.S. 14:30.1, and attempted second degree murder (count II), a violation of La. R.S. 14:27 and La. R.S. 14:30.1. He pled not guilty on both counts. Following a trial by jury, the defendant was found guilty as charged on both counts. On count I, he was sentenced to life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. On count II, he was sentenced to fifty years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. The trial court ordered the sentences to run concurrently.

Subsequently, the defendant appealed to this court, raising one counseled and three pro se assignments of error.[2] This court affirmed the convictions and sentences. **State v. Ruffen**, 2018-1280 (La. App. 1 Cir. 2/28/19), 2019 WL 968412. The Louisiana Supreme Court denied writs. **State v. Ruffen**, 2019-00564 (La. 9/6/19), 278 So.3d 971. The United States Supreme Court granted the defendant's petition for a writ of certiorari, vacated the judgment, and remanded the case to this court for further consideration in light of **Ramos v. Louisiana**, 590 U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). **Ruffin v. Louisiana**, ___ U.S. ___, 141 S.Ct. 223, 208 L.Ed.2d 1 (2020). For the following reasons, we set aside the convictions and sentences.

---

[1] The appellate record contains various spellings of the defendant's last name. This court adopted the spelling used in the grand jury indictment.

[2] In addition to his assigned errors, in his pro se brief, the defendant also asked this court to examine the record for errors patent under La. C.Cr.P. art. 920(2). **Ruffen**, 2019 WL 968412, at *6.

## PATENT ERROR REVIEW/NON-UNANIMOUS JURY VERDICTS[3]

On remand, this court has reviewed the record pursuant to La. C.Cr.P. art. 920(2).[4] Pursuant to La. C.Cr.P. art. 920(2), this court shall consider "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." The jury's verdict is part of the pleadings and proceedings that this court must review for errors. **State v. Keys**, 328 So.2d 154, 157 (La. 1976); **State v. Anderson**, 2017-0927 (La. App. 1 Cir. 4/6/18), 248 So.3d 415, 418-19, writ denied, 2018-0738 (La. 3/6/19), 266 So.3d 901. Accordingly, we note the following.

In this case, the minutes indicate that as to each count, ten out of twelve jurors concurred in reaching guilty verdicts.[5] In the recent decision of **Ramos**, 140 S.Ct. at 1397, the United States Supreme Court overruled **Apodaca v. Oregon**,[6] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. Thus, the **Ramos** Court declared non-unanimous jury verdicts unconstitutional. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies

---

[3] For the facts of this case, please see this court's previous opinion on original appellate review. **Ruffen**, 2019 WL 968412, at **1-2.

[4] Recently, the Louisiana Supreme Court remanded several cases to our court "for further proceedings and to conduct a new error patent review in light of **Ramos**...." See **State v. Curry**, 2019-01723 (La. 6/3/20), 296 So.3d 1030 ("If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review. See La. C.Cr.P. art. 920(2)."). Therefore, consistent with our review of other appeals wherein the convictions resulted from non-unanimous jury verdicts, we likewise shall conduct a new patent error review in the instant appeal.

[5] In this case, the minute entry and transcript clearly reflect that the jury verdict was not unanimous.

[6] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca**. **Johnson v. Louisiana**, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with **Apodaca**, upheld Louisiana's then-existing constitutional and statutory provisions allowing non-unanimous jury verdicts in criminal cases.

3

by non-unanimous verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S.Ct. at 1406. Therefore, as the verdicts in this case were non-unanimous as to each count, we must set aside the convictions and sentences, and the case must be remanded to the trial court for further proceedings.

**CONVICTIONS AND SENTENCES VACATED; REMANDED.**