# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2020 KA 0827

## STATE OF LOUISIANA

## VERSUS

## ANDREW HUNT

*DATE OF JUDGMENT:*   **JUN 0 4 2021**

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
NUMBER 18 CR2 137625, DIVISION D, PARISH OF WASHINGTON
STATE OF LOUISIANA

HONORABLE PETER J. GARCIA, JUDGE

* * * * * *

Warren L. Montgomery
District Attorney
David A. Weilbaecher
Matthew Caplan
Assistant District Attorneys
Covington, Louisiana

Counsel for Appellee
State of Louisiana

Gwendolyn K. Brown
Baton Rouge, Louisiana

Counsel for Defendant-Appellant
Andrew Hunt

* * * * * *

BEFORE:  WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

Disposition: **CONVICTIONS AND SENTENCES VACATED; REMANDED.**

CHUTZ, J.

The defendant, Andrew Fonz Hunt, was charged by an amended grand jury indictment with aggravated incest (count one), a violation of La. R.S. 14:78.1,[1] and molestation of a juvenile (count two), a violation of La. R.S. 14:81.2. He pled not guilty on both counts. Following a trial by jury, the defendant was found guilty as charged on both counts. On count one, the trial court sentenced the defendant to forty years imprisonment at hard labor, with twenty-five years to be served without benefit of parole, probation, or suspension of sentence. On count two, the trial court sentenced the defendant to twenty years imprisonment at hard labor, with five years to be served without benefit of parole, probation, or suspension of sentence. The trial court ordered the sentences to run concurrently. The defendant now appeals, assigning as error the non-unanimous verdict on each count. For the following reasons, we vacate the convictions and sentences and remand this matter.

## NON-UNANIMOUS JURY VERDICTS

In his sole assignment of error, the defendant argues that the convictions and sentences must be reversed and a new trial ordered, as the verdicts were not unanimous. The defendant notes that although the verdicts were legal at the time that they were returned, while the instant case was pending on direct review, the United States Supreme Court held in **Ramos v. Louisiana**, ___ U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), that Louisiana's system of accepting non-unanimous verdicts was unconstitutional. Acknowledging that the issue was not preserved for appellate review by contemporaneous objection, the defendant

---

[1] On count one of the amended indictment, it is alleged that the defendant committed the offense of aggravated incest "on or between June 13, 2009 and June 12, 2014." Effective June 12, 2014, the Louisiana Legislature repealed La. R.S. 14:78.1, and the provisions of that statute were incorporated into La. R.S 14:89.1 (aggravated crime against nature). See 2014 La. Acts, No. 177, §§ 1 and 2 and 2014 La. Acts, No. 602, § 4; see also 2014 La. Acts, No. 599, § 1 (providing that neither Act 177 nor Act 602 could be construed to alleviate any person convicted of

2

further argues that the matter should nevertheless be recognized as error patent on the face of the record.[2] In its appellee brief, the State concedes that the verdicts were not unanimous and that the convictions should be set aside pursuant to **Ramos.**

In **Ramos**, 140 S.Ct. at 1397, the United States Supreme Court overruled **Apodaca v. Oregon,**[3] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases were still pending on direct appeal. **Ramos**, 140 S.Ct. at 1406; see also **State v. Cohen**, 2019-00949 (La. 1/27/21), ___ So.3d ___, 2021 WL 266645, at *1 (per curiam) (wherein the court observed that the defendant's appeal "was pending on direct review when **Ramos v. Louisiana** was decided, and therefore the holding of **Ramos** applies").

In the instant case, a polling of the jurors indicated the defendant was convicted on each count by a vote of ten to two. Because the verdicts were non-unanimous, we find merit in the defendant's sole assignment of error and set aside

violating La. R.S. 14:78.1 (aggravated incest) from the consequences imposed by law resulting from that conviction) and La. R.S. 14:89.1(E).

[2] The jury's verdict is part of the pleadings and proceedings that this court routinely reviews for errors pursuant to La. Code Crim. P. art. 920(2). See **State v. Keys**, 328 So.2d 154, 157 (La. 1976); **State v. Ruffen**, 2018-1280 (La. App. 1st Cir. 2/24/21) (unpublished), 2021 WL 717288, at *1; see also **State v. Hills**, 2020-0392 (La. App. 1st Cir. 11/12/20) (unpublished), 2020 WL 6624967, at *1 n.2 (noting "this court automatically reviews the record for patent errors under La. Code Crim. P. art. 920, including non-unanimous jury claims not preserved in the trial court below"). Moreover, the Louisiana Supreme Court has directed this court to consider claims of non-unanimous jury verdicts as part of our error patent review. See **State v. Cole**, 2019-01733 (La. 10/6/20), 302 So.3d 524 (per curiam).

[3] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca**. **Johnson v. Louisiana**, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with **Apodaca**, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts in criminal cases.

3

and vacate his convictions and sentences and remand this case to the trial court for further proceedings, consistent with the opinion and mandate of the United States Supreme Court.

**CONVICTIONS AND SENTENCES VACATED; AND REMANDED.**