820 So.2d 513 (2002)
STATE of Louisiana
v.
Serell J. ANDERS and Glenda A. Diecedue.
No. 2001-K-0556.
Supreme Court of Louisiana.
June 21, 2002.
*514 Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Leslie P. Tullier, New Orleans, Counsel for Applicant.
William R. Campbell, Jr., New Orleans, Counsel for Respondent.
KNOLL, Justice.
This consolidated criminal case concerns whether under the provisions of former LA.REV.STAT. ANN. § 40:966(D)(2),[1] the respective defendants prior convictions for distribution of marijuana can be used to enhance their respective misdemeanor charges from possession of marijuana to possession of marijuana, second offense, a felony. The rules of statutory construction and well established jurisprudence of this state direct that the resolution of any ambiguity in the wording of a criminal statute is made in favor of the defendant. Accordingly, we conclude that the State erred when it used the respective defendants' previous conviction for distribution of marijuana as the predicate offense to enhance the charge from possession of marijuana to possession of marijuana, second offense.

FACTS AND PROCEDURAL HISTORY
The Court of Appeal, Fourth Circuit, consolidated the separate and unrelated cases of the defendants Serell J. Anders and Glenda A. Diecedue. The single issue involved is the same for each defendant.[2] In each case, the State charged the defendants with possession of marijuana, second offense, a violation of LA.REV.STAT. ANN. § 40:966(D)(2), on the basis of each defendant's prior conviction for distribution of marijuana. In each case, the defendant moved to quash the bill of information, alleging that distribution of marijuana is not a predicate upon which to base a charge of possession of marijuana, second offense. And, in each case the trial court granted each defendant's motion to quash and the State appealed.[3]
The Court of Appeal, Fourth Circuit affirmed the trial courts' decisions in each case to quash the bills of information. State v. Anders and Diecedue, 00-0910 *515 and 00-911 (La.1/31/00), 778 So.2d 1227. We granted the State's writ application to further examine the issue presented. State v. Anders and Diecedue, 01-0556 (La.2/8/02), 807 So.2d 857.

DISCUSSION
The sole issue before us is whether the State may use the defendants' prior convictions for distribution of marijuana to enhance the current charge from possession of marijuana, a misdemeanor, to possession of marijuana, second offense, a felony.
LA.REV.STAT. ANN. § 40:966(D)(2)and (4), as it read prior to 2001, lies at the heart of this inquiry. They provided in pertinent part:
D. Possession of marijuana
(2) Except as provided in Subsections E and F hereof, on a second conviction for violation of Subsection C of this Section with regard to marijuana, ... the offender shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than five years, or both.
* * *
(4) A conviction for the violation of any other statute or ordinance with the same elements as R.S. 40:966(C) prohibiting the possession of marijuana, ... shall be considered a prior conviction for the purposes of this Subsection relating to penalties for second, third, or subsequent offenders.
(Emphasis added).
LA.REV.STAT. ANN. § 40:966(C), the keystone identified in LA.REV.STAT. ANN. § 40:966(D)(4), provides, in pertinent part:
C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule I....
A criminal statute must be given a genuine construction consistent with the plain meaning of the language in light of its context and the purpose of the provision. LA.REV.STAT. ANN. § 14:3; State v. Leak, 306 So.2d 737, 738 (La.1975). Courts are not empowered to extend the terms of a criminal provision to cover conduct which is not included within the definition of the crime. LA.REV.STAT. ANN. § 14:3; State v. Myers, 99-1849 (La.4/11/00), 760 So.2d 310, 315. Moreover, it is the well established doctrine in this state that criminal and penal laws are strictly construed when we are called to decide whether the Legislature intended for a defendant's act to constitute more than one violation of a criminal statute. State v. Cox, 344 So.2d 1024, 1025-26 (La. 1977).
The State argues that common sense dictates that "possession" is arguably an implied element of distribution because a distributor of marijuana is going to at least have constructive possession of the contraband he is dealing. Additionally, the State attempts to bolster its position by pointing out LA.CODE CRIM. PROC. ANN. art. 814(48) provides that possession of a controlled dangerous substance is a responsive verdict to distribution of a controlled dangerous substance.
In State v. Keys, 328 So.2d 154 (La. 1976), the State charged the defendant with possession of marijuana, second offense. The jury returned the responsive verdict of attempted possession of marijuana, second offense, and he was sentenced accordingly as a second offender. In setting the defendant's enhanced sentence aside, we found that the term "second offense" in the bill of information which charged the defendant with possession of marijuana, second offense, required that this was the second time that the defendant was convicted of the same charge. *516 Because the jury convicted the defendant of attempted possession of marijuana, we found that he was in fact a first offender with respect to that charge. Accordingly, we set aside Keys' sentence and remanded the case to the trial court for resentencing.[4]
Looking at the plain meaning of LA.REV.STAT. ANN. § 40:966(D)(2) it is evident that the enhancement provisions of simple possession of marijuana are ambiguous as written. A crime is conduct which is defined as criminal in the Louisiana Criminal Code, or in other acts of the legislature or in the Louisiana Constitution. LA.REV. STAT. ANN. § 14:7. The Constitution vests the legislative power exclusively in the legislature, and the determination and definition of acts which are punishable as crimes are purely legislative functions. See LA. CONST. ANN. art. III, § 1(A); State v. Domangue, 93-1953 (La.App. 1 Cir. 12/22/94), 649 So.2d 1034, 1038. As such, it is well established that the determination or definition of acts punishable as crimes can neither be delegated to or exercised by the courts of this state. State v. Truby, 211 La. 178, 29 So.2d 758 (1947). Because criminal and penal laws are strictly construed, any ambiguity in the legislature's definition of criminal conduct is resolved with lenity and in favor of the defendant. LA.REV. STAT. ANN. § 14:3; State v. Davis, 448 So.2d 645 (La.1984); State v. Freeman, 411 So.2d 1068, 1072 (La.1982). Applying these statutory and jurisprudential tenets to the present case, it is clear we cannot, as the State urges, find that "possession" is an implied element of distribution.
Our review of the legislative history of House Bill No. 537, regarding the 1984 amendment to LA.REV.STAT. ANN. § 40:966 which added paragraph (D)(4) further enlightens our earlier jurisprudential pronouncements and supports the lower courts' narrow reading of the statute at issue.
The minutes from both the Louisiana House and Senate committees which considered this legislation reflects that both legislative bodies anticipated enhancing the penalty for a subsequent violation of the "same conduct," namely possession of marijuana.
On June 7, 1984, the House Committee on Administration of Criminal Justice recorded the following minute entry, regarding House Bill No. 537:
At the request of Mr. Gaudin, Lt. Blackman of the Louisiana State Police, Department of Public Safety and Corrections explained that this bill enhanced penalties to apply to conviction[s] obtained under other statutes or ordinances prohibiting possession of marijuana. (Emphasis added).
*517 Likewise, the Senate Committee on the Judiciary met on June 26, 1984, and recorded the following minute entry on House Bill No. 537:
Judge Darrell White, of the City Judges' Association, explained that this bill would amend the possession of marijuana statute in relation to misdemeanor offenses. It adds language allowing enhanced penalties to apply to convictions obtained under any other statute or ordinance prohibiting the same conduct. (Emphasis added).
For the foregoing reasons, we find that the State erred by using the respective defendants' previous conviction for distribution of marijuana as the predicate offense to enhance their present charge to possession of marijuana, second offense. Accordingly, we find that the respective trial courts properly granted the defendants' motions to quash the bill of information which charged them with possession of marijuana, second offense.
AFFIRMED.
TRAYLOR, J., dissents and assigns reasons.
TRAYLOR, J., dissenting.
The parties do not contest that the crime of distribution of marijuana contains elements necessary to constitute the crime of possession of marijuana. In order to distribute marijuana, it must have been possessed by the distributor; therefore, the elements are the same, albeit constructively so in some cases. The fact that a distribution of marijuana charge contains additional elements is irrelevant for purposes of determining under La. R.S. 40:966(D)(4) whether a prior conviction for distribution is a "violation of any other statute or ordinance with the same elements as R.S. 40:966(C) prohibiting the possession of marijuana ...." (emphasis added).
While technically the crime of actual possession is not necessarily an element of distribution, exclusion of the charge for enhancement purposes based on the reasoning employed by the lower courts would lead to a result that defies logic and would not serve justice. See, e.g., State v. Harrison, 32-643 (La.App. 2 Cir. 10/27/99), 743 So.2d 883, writ denied, 99-3352 (La.6/30/00), 765 So.2d 327 (finding that use of a distribution of marijuana conviction to enhance a possession of marijuana charge in 1994 to second offense felony, and a distribution of cocaine charge in 1997 would constitute double enhancement). Simple possession of marijuana is in fact a lesser included responsive verdict to a charge of distribution of marijuana, C.Cr.P. art. 814, and, therefore, it clearly indicates that possession is an element of distribution. To disallow a previous distribution charge for enhancement purposes for a subsequent misdemeanor possession of marijuana would put sellers and distributors of narcotics (who happen to also partake of their product) in a more favorable position as opposed to mere simple possessors and users of marijuana.
Interpreting Section (D) to exclude distribution of marijuana would render the law meaningless. The felony charge involving possession to distribute should not be relegated to lesser impact than a mere simple possession charge-an absurd result. Based on the foregoing reasons, I respectfully dissent.
NOTES
[1] By 2001 La. Acts, No. 403, the Louisiana Legislature amended and reenacted LA.REV. STAT. ANN. § 40:966(D), and the provisions under that subsection were thereafter designated LA.REV.STAT. ANN. § 40:966(E). No change in substance was affected. Because the present matter was filed before the effective date of the reenacted statute, this opinion will reference the prior statutory designations.
[2] The defendants were before different district judges in Orleans Parish.
[3] As to Anders, the State filed a bill of information alleging that on November 12, 1999, Anders was in possession of marijuana, second offense. After a jury of six was seated, defendant Anders moved to quash the bill of information, contending that his prior conviction for distribution of marijuana could not be used to enhance his current charge to possession of marijuana, second offense. The trial court granted the defendant's motion over the State's objection. The State then appealed the trial court's action.

As to defendant Diecedue, the State charged that on June 29, 1999, she was in possession of marijuana, second offense. Ten years before, Diecedue had pleaded guilty to distribution of marijuana. The State used this earlier guilty plea to enhance her current charge to possession of marijuana, second offense. Prior to trial, the trial court quashed the State's bill of information, finding that the previous conviction for distribution of marijuana could not be used to enhance the current possession charge against the defendant. The State then appealed the trial court's action.
[4] This Court has stated in State v. Cannon, 409 So.2d 568 (La.1982) and State v. Bouzigard, 286 So.2d 633, 635 (La.1973), that in a prosecution for multiple offender possession of marijuana, the bill of information must charge that the defendant had been previously convicted "of the same offense." Although those pronouncements support our holding herein, we note that the facts of both those cases are dissimilar to the present facts. In both Cannon and Bouzigard, the State neglected to specify in the bills of information the predicate conviction upon which it relied to enhance those defendants' convictions to possession of marijuana, second offense. In those cases, the facts show that both those defendants had predicate convictions of simple possession of marijuana; the State simply failed to state the predicate possession offenses in the bill of information. In contrast, the facts of the present case clearly show that the respective defendants' previous conviction for distribution of marijuana was not "a conviction for the violation of any other statute or ordinance with the same elements as R.S. 40:966(C), prohibiting the possession of marijuana." See LA.REV.STAT. ANN. § 40:966(D)(4); (emphasis added).