960 So.2d 290 (2007)
STATE of Louisiana
v.
Damyra LONZO.
No. 06-KA-945.
Court of Appeal of Louisiana, Fifth Circuit.
May 29, 2007.
*291 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Megan L. Gorman  Appellate Counsel, Laura Schneidau  Trial Counsel, Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson, Gretna, Louisiana, for Appellee, State of Louisiana.
Katherine M. Franks, Attorney at Law, Louisiana Appellate Project, Abita Springs, Louisiana, for Appellant, Damyra Lonzo.
*292 Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
On November 5, 2004, the Jefferson Parish District Attorney filed a bill of information charging defendant, Damyra Lonzo, with second offense possession of marijuana, in violation of La. R.S. 40:966 C. Defendant was arraigned on January 26, 2006 and pled not guilty.
On May 11, 2006, the trial judge conducted a hearing on defendant's motion to quash the bill of information. After hearing arguments of counsel, the trial judge denied the motion. He reasoned that under the version of La. R.S. 40:966(E)(5) in effect at the time of the offense[1] even distribution of marijuana could be used as a predicate offense. He further explained that the bill of information would be valid under La. R.S. 40:966(E)(4) because the predicate offense of possession with intent to distribute marijuana contained the element of possession.
The trial judge noted that State v. Anders, XXXX-XXXX (La.6/21/02), 820 So.2d 513, was distinguishable because the predicate offense in that case was distribution of marijuana, whereas the predicate offense in this case was possession with intent to distribute marijuana. Defense counsel noted his objection to the denial of the motion.
On that same date, defendant withdrew her plea of guilty plea and pled guilty as charged, reserving her right to appeal the denial of her motion to quash under State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced defendant to imprisonment at hard labor for two years, suspended, and placed defendant on active probation for two years.[2] Defendant subsequently filed a motion for appeal that was granted.
Facts
Because defendant's conviction was obtained pursuant to a guilty plea, the record does not disclose facts other than the allegation in the bill of information that defendant committed second offense possession of marijuana on October 27, 2004. Although the State alleged in the bill of information that defendant was previously convicted of possession of marijuana, the record reflects that defendant was previously convicted of possession with intent to distribute marijuana.
Law and Argument
In her sole assignment of error, defendant argues that the trial judge erred in denying her motion to quash the bill of information. Defendant argued in her motion to quash, and now argues on appeal, that the State should not be allowed to use her prior conviction for possession with intent to distribute marijuana to enhance her current charge for possession of marijuana from a misdemeanor to second-offense possession of marijuana, which is a felony.
Defendant argues that La. R.S. 40:966(E)(5) is unconstitutionally vague because that section states that "a conviction for the violation of any other statute . . . with the same elements as La. R.S. 40:966(B)(3)" can be considered as a "prior conviction for the purposes of this Subsection." Defendant maintains that the reference to La. R.S. 40:966(B)(3) causes confusion because that section is a sentencing *293 provision and does not set out the substantive elements of a crime. In sum, defendant contends that La. R.S. 40:966(E)(5) is unconstitutionally vague because it fails to give notice of the prohibited behavior it seeks to sanction, citing State v. Anders, 01-0556 (La.6/21/02), 820 So.2d 513.[3]
The State responds that La. R.S. 40:966(E)(5) is not vague because La. R.S. 40:966(B)(3) does describe prohibited behavior and is not merely a sentencing provision. The State further responds that, even if La. R.S. 40:966(E)(5) is unconstitutionally vague, defendant's conviction would still be valid under La. R.S. 40:966(E)(4).
The Due Process clauses of the United States and Louisiana Constitutions prohibit legislation that is vague. U.S. Const. amend. XIV, § 1; La. Const. art. I, §§ 2, 13; State v. Bentley, 96-795 (La.App. 5 Cir. 3/25/97), 692 So.2d 1207, 1209. "The constitutional guarantee that an accused shall be informed of the nature and cause of the accusation against him requires that penal statutes describe unlawful conduct with sufficient particularity and clarity such that ordinary persons of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto." State v. Hart, 96-599 (La.1/14/97), 687 So.2d 94, 95.
Additionally, a penal statute must provide adequate standards by which the guilt or innocence of the accused can be determined. State v. Bentley, supra, at 1209. Thus, to satisfy due process, the language of a statute must have a generally accepted meaning "so that a person of ordinary and reasonable intelligence is capable of discerning its proscriptions and is given fair notice of the conduct which is forbidden by its terms." State v. Hair, 00-2694 (La.5/15/01), 784 So.2d 1269, 1274.
Criminal statutes are subject to strict construction under the rule of lenity. State v. Brown, 03-2788 (La.7/6/04), 879 So.2d 1276, 1280, cert. denied, 543 U.S. 1177, 125 S.Ct. 1310, 161 L.Ed.2d 161 (2005). As such, criminal statutes are narrowly interpreted and any ambiguity in the substantive provisions of a statute is resolved in favor of the accused. Id. The rule of strict construction is not to be applied with "such unreasonable technicality as to defeat the purpose of all rules of statutory construction, which purpose is to ascertain and enforce the true meaning and intent of the statute." Id. (Internal citations omitted).
Criminal statutes must be "given genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." La. R.S. 14:3. When a person of reasonable intelligence cannot discern the statute's meaning and is unable to understand what conduct is proscribed, the statute *294 is unconstitutionally vague. State v. Bentley, 692 So.2d at 1209-10.
A statute is presumed to be constitutional and should be upheld whenever possible. The party who attacks the statute bears the burden of clearly establishing its unconstitutionality. State v. Hair, 784 So.2d at 1274.
As noted above, defendant was charged with second offense possession of marijuana under La. R.S. 40:966(C). First, we note that marijuana is classified as a controlled substance in Schedule I. La. R.S. 40:964(C)(22).
Further, La. R.S. 40:966 provided at the time of the offense, in pertinent part, as follows:
A. Manufacture; distribution. Except as authorized by this Part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance . . . classified in Schedule I;
* * * * * * * * * *
B. Penalties for violation of Subsection A. Any person who violates Subsection A with respect to:
* * * * * * * * * *
(3) A substance classified in Schedule I which is marijuana . . . shall upon conviction be sentenced to a term of imprisonment at hard labor for not less than five nor more than thirty years, and pay a fine of not more than fifty thousand dollars.
C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule I . . .
* * * * * * * * * *
E. Possession of marijuana.
* * * * * * * * * *
(2) Except as provided in Subsection F or G of this Section, on a second conviction for violation of Subsection C of this Section with regard to marijuana . . . the offender shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than five years, or both.
* * * * * * * * * *
(4) A conviction for the violation of any other statute or ordinance with the same elements as R.S. 40:966(C) prohibiting the possession of marijuana . . . shall be considered as a prior conviction for the purposes of this Subsection relating to penalties for second, third, or subsequent offenders.
(5) A conviction for the violation of any other statute or ordinance with the same elements as R.S. 40:966(B)(3) prohibiting the distributing or dispensing or possession with intent to distribute or dispense marijuana . . . shall be considered as a prior conviction for the purposes of this Subsection relating to penalties for second, third, or subsequent offenders.
* * * * * * * * *
In the instant case, we find that La. R.S. 40:966(E)(5) is not unconstitutionally vague. La. R.S. 40:966(B)(3) defines prohibited behavior when read in conjunction with La. R.S. 40:966(A). Specifically, La. R.S. 40:966(B)(3) is a penalty provision for violations of Subsection A, which provides that it is unlawful for any person knowingly or intentionally to possess marijuana *295 with the intent to distribute it. The language of La. R.S. 40:966(E)(5), when read in conjunction with La. R.S. 40:966(A) and La. R.S. 40:966(B)(3) as required, is sufficiently clear "that a person of ordinary and reasonable intelligence is capable of discerning its proscriptions and is given fair notice of the conduct which is forbidden by its terms." State v. Hair, 784 So.2d at 1274. Accordingly, we find that the State did not err by using defendant's prior conviction for possession with the intent to distribute marijuana as a predicate offense to enhance her present charge of possession of marijuana to second offense possession of marijuana.
Defendant also argues that the use of La. R.S. 40:966(E)(5) as an element of the offense as opposed to a penal provision defeats the legislative intent. She contends that the stated purpose of the legislation was to impact sentencing only and, therefore, the use of the previous conviction as an element of the offense of second or subsequent possession of marijuana, and the use of the convictions at trial to circumvent the protections afforded by the Code of Evidence for "other crimes evidence," are not uses within the scope of the act's purpose.
In State v. Dick, 06-2223 (La.1/26/07), 951 So.2d 124, which is cited by defendant in her brief, the Louisiana Supreme Court recently set forth the law regarding statutory interpretation:
The function of statutory interpretation and the construction to be given to legislative acts rests with the judicial branch of the government. The rules of statutory construction are designed to ascertain and enforce the intent of the legislature. Legislation is the solemn expression of legislative will and, thus, the interpretation of legislation is primarily the search for the legislative intent. We have often noted the paramount consideration in statutory interpretation is ascertainment of the legislative intent and the reason or reasons which prompted the legislature to enact the law.
The starting point in the interpretation of any statute is the language of the statute itself. `When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.' However, `when the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.' Moreover, `when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.' [Citations omitted.]
State v. Dick, 951 So.2d at 130-131.
In the instant case, we find that La. R.S. 40:966(E)(5) clearly and unambiguously provides that a conviction for possession with intent to distribute marijuana can be considered as a prior conviction for second or subsequent offenders. Because La. R.S. 40:966(E)(5) is clear and unambiguous, and its application does not lead to absurd consequences, we will apply the law as written, and will not need further interpretation to search for the intent of the legislature. State v. Dick, supra. We find no error in the trial court's denial of defendant's motion to quash the bill of information.
Finally, we have reviewed the record for errors patent, according to La.C.Cr.P.art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We have found no errors patent that require corrective action *296 in this case. Defendant's conviction and sentence are hereby affirmed.
AFFIRMED,
NOTES
[1] The date of defendant's offense in this case was October 27, 2004, after the effective date of the current version of La. R.S. 40:966(E)(5).
[2] The trial judge also imposed general and special conditions of probation.
[3] In State v. Anders, XXXX-XXXX (La.6/21/02), 820 So.2d 513, 514-17, the Louisiana Supreme Court looked at the plain meaning of La. R.S. 40:966(D)(2) and found that "possession" was not an implied element of distribution. The supreme court affirmed the trial courts' grant of defendants' motions to quash and held that the State erred in using defendants' convictions for distribution of marijuana as the predicate offense to enhance their present charge to second-offense possession of marijuana. Id. at 516-17.

The Anders court noted that the Louisiana Legislature, by 2001 La. Acts, No. 403, amended and reenacted La. R.S. 40:966(D), and the provisions under that subsection were thereafter designated La. R.S. 40:966(E). Anders, 820 So.2d at 516. The Anders court referenced the prior statutory designations because the present matter was filed before the effective date of the reenacted statute. Id.