STATE OF LOUISIANA, DEPARTMENT
OF JUSTICE STATE OF LOUISIANA

VERSUS

JERMAN NEVEAUX

NO. 23-K-460

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

November 02, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** JERMAN NEVEAUX

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT,
PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE
JUNE B. DARENSBURG, DIVISION "C", NUMBER 16-4029

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Stephen J. Windhorst

**WRIT DENIED**

Defendant, Jerman Neveaux, seeks supervisory review of the trial court's

denial of his Motion to Bar "Lawful Duties" Aggravator as Unconstitutionally

Vague. For the reasons that follow, the writ is denied.

*Procedural Background*

On October 13, 2016, defendant, Jerman Neveaux, was indicted for the first

degree murder of Jefferson Parish Sheriff's Office (JPSO) Detective David Michel

in violation of La. R.S. 14:30. The State is seeking the death penalty.

On July 10, 2023, defendant filed a Motion to Bar "Lawful Duties"

Aggravator as Unconstitutionally Vague. On July 24, 2023, the State filed State's

Omnibus Response to Defendant's Motions Relative to Venire and Indictment, in

which it responded to defendant's arguments regarding the "lawful duties"

aggravator. Defendant filed a reply on August 7, 2023. On August 23, 2023, the

23-K-460

trial court denied defendant's motion to bar "lawful duties" aggravator after a hearing. Defendant timely filed the instant writ application on September 20, 2023.

*Discussion*

Approximately two years after defendant's first degree murder indictment, the State filed a Notice of Aggravating Circumstances indicating that it would present evidence at trial showing that defendant was engaged in the attempted perpetration of an armed robbery at the time of the offense, citing La. C.Cr.P. art 905.4(1), and that during the offense, defendant killed JPSO Detective Michel, a peace officer engaged in his lawful duty, citing La. C.Cr.P. art. 905.4(2).

The State confirmed in its Response to Supplement to Prior Motions for Bill of Particulars, filed January 9, 2023, that it intended to establish at trial that defendant violated La. R.S. 14:30(A)(2) when killing a peace officer engaged in the performance of his lawful duties.

Defendant argues in his Motion to Bar "Lawful Duties" Aggravator as Unconstitutionally Vague that the language of La. R.S. 14:30(A)(2) ("peace officer …engaged in the performance of his lawful duties") and La. C.Cr.P. art. 905.4(A)(2) ("peace officer engaged in his lawful duties") is unconstitutionally vague.

La. R.S. 14:30 provides in pertinent part:

> A. First degree murder is the killing of a human being:
>
> ***
> (2) When the offender has a specific intent to kill or to inflict great bodily harm upon a … peace officer… engaged in the performance of his lawful duties, or when the specific intent to kill or to inflict great bodily harm is directly related to the victim's status as a … peace officer …[.]

La. C.Cr.P. art. 905.4 provides in pertinent part:

> A. The following shall be considered aggravating circumstances:
> ***

2

(2) The victim was a fireman or peace officer engaged
in his lawful duties[.]

In his motion, defendant asked the trial court to bar the use of these statutes—unless the language is accompanied by a limiting instruction—because these phrases are vague in failing to explain what is meant by "lawful" in this context, leaving at least two distinct interpretations:

1. The officer was performing the duty as a peace officer that he was assigned to by law even if unlawfully, i.e., the State must prove beyond a reasonable doubt that officer was acting as a peace officer pursuant to lawful assignment at the time, even if he was performing those duties in an unlawful manner; or,

2. The officer was performing his lawful duties, i.e., the State must prove beyond a reasonable doubt that the peace officer was conducting himself lawfully, not just that he was performing his duties (albeit in an unlawful fashion).

On July 24, 2023, the State filed State's Omnibus Response to Defendant's Motions Relative to Venire and Indictment, asserting that defendant's argument regarding the constitutionality of la. C.Cr.P. art. 905.4(A)(2) had no merit. The State apparently did not respond to the argument regarding La. R.S. 14:30(A)(2). The State argued that it "strains credibility far beyond the breaking point" to seriously suggest that the phrase "lawful duties" relative to a police officer is vague to the point that it fails to give adequate notice to individuals that certain contemplated conduct is proscribed, or fails to provide adequate standards for those charged with determining the guilt or innocence of the accused.

After the August 23, 2023 hearing on defendant's motion, the trial judge stated:

88, defendant's motion to bar unlawful duties aggravators
as unconstitutionally vague is denied.[1]

---

[1] This motion is defendant's eighty-eighth motion.

> Again, all these statutes that the defense counsel and it's all of your motions have deemed vague unconstitutional. You should be at the next legislative session making those arguments. I'd present those to the criminal code committee so that they can review these articles and make a determination if, in fact, they think they're vague and need to be amended or not.

Defendant argues that the trial court erred in denying his motion and in refusing to provide a limiting instruction to define the phrases "engaged in the performance of his lawful duties" and "engaged in his lawful duties" as requiring proof of lawfulness. He also contends that the trial court erred in failing to find the phrases "engaged in the performance of his lawful duties" and "engaged in his lawful duties" to be unconstitutionally vague.

In *State v. Smith*, after considering similar arguments, this Court and the Louisiana Supreme Court denied writs. *State v. Smith*, 17-439 (La. App. 5 Cir. 9/12/17) (unpublished writ disposition), *writ denied*, 17-1738 (La. 11/17/17), 229 So.3d 930. This Court stated in *Smith*:

> Relator is charged by indictment with two (2) counts of first degree murder of two (2) St. John Parish Sheriff Deputies. In each count, the State alleges that relator committed first degree murder by killing a peace officer engaged in the performance of his lawful duties. The State also has filed notice that it intends to present penalty-phase evidence that the victims were peace officers engaged in their lawful duties. Relator filed a motion challenging the constitutionality of the aggravating factors in both La. R.S. 14:30(A)(2) and La. C.Cr.P. art. 905.4(A)(2) on the basis that they were unconstitutionally vague. …
>
> ***
>
> Applying La. R.S. 14:3[2] to the provisions of La. R.S. 14:30(A)(2) and La. C.Cr.P. art. 905.4(A)(2), it is apparent that the legislature intended the provision to apply to the status of the victim as a peace officer, not the activity that the victim was engaged in. *See State v. Lacaze*, 99-584 (La. 1/25/02), 824 So.2d 1063, 1084-85, *cert. denied*, 537 U.S. 865, 123 S.Ct. 263, 154 L.Ed.2d 110 (2002) (where the Louisiana Supreme Court held that an officer was in uniform and was working a paid detail when he was killed

---

[2] La. R.S. 14:3 states that criminal statutes must be "given genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision."

4

and was thus engaged in the performance of his lawful duties); *see also State v. Berry*, 391 So.2d 406 (La. 1980), *cert. denied*, 451 U.S. 110, 101 S.Ct. 2347, 68 L.Ed.2d 863 (1991) (where the Louisiana Supreme Court held that a peace officer in uniform while working a paid security detail protects citizenry and prevents or deters violent crime is performing his lawful duty for purposes of La. R.S. 14:30(A)(2), and hence, satisfies the aggravating circumstances defined in La. C.Cr.P. art. 905.4(A)(2)). The qualifiers that the peace officer must be "engaged in the performance of his lawful duties" or "engaged in his lawful duties" make it clear that the victim must be acting as a peace officer and not as an ordinary citizen for the aggravating factors to apply. Reading otherwise could lead to absurd results. Relator asks this court to stretch the meaning of the words "lawful duties" to require the State to prove the lawfulness of the victim's activity.

When a statute either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, the statute violates due process of law. *Hair, supra*. A penal statute must provide adequate standards by which the guilt or innocence of the accused can be determined. *State v. Lonzo*, 06-945 (La. App. 5 Cir. 5/29/07), 960 So.2d 290, 293; *State v. Bentley*, 96-795 (La. App. 5 Cir. 3/25/97), 692 So.2d 1207, 1209. While criminal statutes are to be narrowly interpreted and any ambiguity in the substantive provisions of a statute is to be resolved in favor of the accused, this rule of strict construction is not to be applied with "such unreasonable technicality as to defeat the purpose of all rules of statutory construction, which purpose is to ascertain and enforce the true meaning and intent of the statute." *State v. Brown*, 03-2788 (La. 7/6/04), 879 So.2d 1276, 1280, *cert. denied*, 543 U.S. 1177, 125 S.Ct. 1310, 161 L.Ed.2d 161 (2005).

The fact that a statute's terms are subjective and susceptible to interpretation does not render it vague. As the Court stated in *Hair*, "Words in statutes need not have the same precision as mathematical symbols … A statute need not set out every circumstance and variation in conduct which may be a violation thereof." As stated by the trial court, "Entertaining the defense's sophisticated analyses of this aggravator opens a door that would undoubtedly run afoul the true meaning and intent of La. C.Cr.P. art. 905.4(A)(2)." We agree with the trial court's observation and find it equally applicable to La. R.S. 14:30(A)(2). Considering that La. R.S. 14:30 is found in Part II of the Criminal Code entitled "Offenses Against The Person," and interpreting "lawful duties" as the relator suggests would lead to absurd results, we find that a person of reasonable intelligence would understand the phrase to

> relate to the peace officer's status as such at the time of the killing, not the legality of his actions. The statute is not vague, and there is no need to create ambiguity where none exists by giving an additional instruction to the jury.
>
> Accordingly, this writ application is denied.

*Smith*, *supra*, 17-K-439.

Although defendant is correct in stating that a writ denial has no precedential value, we find the reasoning in *Smith* persuasive and adopt it here. Finding no error in the trial court's ruling denying defendant's Motion to Bar "Lawful Duties" Aggravator as Unconstitutionally Vague, we deny defendant's writ application.

Gretna, Louisiana, this 2nd day of November, 2023.

**SMC**
**FHW**
**SJW**

6

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **11/02/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-K-460**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable June B. Darensburg (DISTRICT JUDGE)

Richard J. Bourke (Relator)          Thomas J. Butler (Respondent)
Grant L. Willis (Respondent)         Elliott T. Brown (Relator)
                                     Darren A. Allemand (Respondent)

### MAILED

Honorable Paul D. Connick, Jr.
(Respondent)
District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053